IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNY PERRY, #466253, | ) ) ) |
| Plaintiff, | ) ) NO. 3:23-CV-00374 |
| v. | ) ) ) JUDGE CAMPBELL |
| JERRY SCOTT, Administrator, *et al.*, | ) MAGISTRATE JUDGE ) FRENSLEY |
| Defendants. | ) |

## MEMORANDUM OPINION

Kenny Perry, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Jerry Scott and the Sumner County Sheriff's Department, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also filed a supplement to his complaint. (Doc. No. 5).

## I. SCREENING OF THE COMPLAINT

### A. PLRA Screening Standard

The complaint as supplemented is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

Prior to 2022, the Sumner County Jail automatically charged inmates $1.00 per roll for toilet paper. In August 2022, this practice changed, and inmates were required to add the toilet paper to their commissary orders. "[A]round this time, the jail started keeping boxes of toilet paper

2

on every floor and some of the officers were generously issu[]ing it to whomever asked." (Doc. No. 5 at 1). However, officers stopped providing free toilet paper at the beginning of October 2022.

From approximately October 9, 2022 to October 21, 2022, Plaintiff was housed in the Sumner County Jail, Pod 3-D, Cell 510. During this time, for a seven-day period, the jail was on lockdown. Plaintiff was denied soap and toilet paper "and was forced to use pieces of a bed sheet when [he] used the bathroom." (Doc. No. 1 at 4). Plaintiff was required to eat in his cell "in close proximity" to the used sheets and, for the "last couple of days" of the lockdown, Plaintiff could not eat at all due to the smell. (*Id.*)

Plaintiff asked guards for toilet paper and "was told that they were waiting for permission from Jerry Scott." (*Id.* at 5). After Plaintiff filed a grievance, he was told he could receive three toilet paper rolls a week for $1.05 per week. However, commissary orders were only fulfilled on certain days, so even if Plaintiff paid, he would have to wait for several days for the commissary to open again.

Plaintiff developed sores and boils on his buttocks due to the lack of soap and toilet paper. When he sought medical treatment for these conditions, unspecified individuals laughed at him and refused treatment. Since this happened in October, the jail's policy regarding toilet paper has changed.

As relief, Plaintiff seeks $10 million in damages.

**D. Analysis**

Plaintiff names Jerry Scott, Administrator, in his individual and official capacities as well as the the Sumner County Sheriff's Department as Defendants to this action. The complaint alleges two claims under the Eighth Amendment: a conditions-of-confinement claim and a deliberate indifference to serious medical needs claim.

The Eighth Amendment of the United States Constitution "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (collecting cases); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

A prisoner may not be denied his basic needs, including hygiene. *Estelle*, 429 U.S. at 104. Yet, "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Likewise, a claim of deliberate indifference to serious medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "'sufficiently serious.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). A plaintiff satisfies the subjective component "'by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact

4

draw the inference, and that he then disregarded that risk.'" *Rouster*, 749 F.3d at 446 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

With respect to Plaintiff's Eighth Amendment claims against the Sumner County Sheriff's Department, a police or sheriff's department is not a "person" that can be sued under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claims against the Sumner County Sheriff's Department must be dismissed for failure to state claims upon which relief may be granted. These claims will be dismissed.

With respect to Plaintiff's claims against Jerry Scott in his individual capacity, the complaint alleges only that guards told Plaintiff they were waiting on Scott's permission to make toilet paper available to Plaintiff. It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal

5

construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (*citing Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

As is, Plaintiff's allegations against Jerry Scott fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). However, because Plaintiff is proceeding pro se, alleges that he suffered physical injuries as a result of the denial of soap and toilet paper, and that Jerry Scott was somehow involved in the denial of toilet paper to Plaintiff,[1] the Court will permit Plaintiff an opportunity to amend his complaint and more clearly articulate his claims against Scott in his individual capacity. Plaintiff must explain the actions Scott took, or did not take, and what Scott's state of mind was at the time.

Any amended complaint must be filed no later than 30 days after entry of this Order. If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, the Court will complete the required PLRA screening with the original complaint.

The Court now moves to Plaintiff's claims against Jerry Scott in his official capacity. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is

---

[1] Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim. *See Moore v. Merchant*, No. 5:13CV-P81-R, 2013 WL 6590395, at *4 (W.D. Ky. Dec. 16, 2013) (finding that, "[i]n any event, Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").

6

Case 3:23-cv-00374   Document 8   Filed 05/25/23   Page 6 of 8 PageID #: 51

directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Jerry Scott is an employee of Sumner County, Tennessee. Thus, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by Sumner County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for the Sumner County to be liable Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 393 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the Sumner County under Section 1983. However, because the Court is permitting Plaintiff to amend his Eighth Amendment claims against Jerry Scott in his individual capacity, the Court finds it is appropriate to permit Plaintiff the opportunity to amend his official capacity allegations as well.

The complaint does not identify any individual responsible for the denial of medical treatment to Plaintiff. However, Plaintiff alleges that these as-yet identified individuals laughed at

him when he sought medical assistance and denied his request. Plaintiff will be permitted to amend his complaint to identify the individuals responsible for the denial of medical treatment.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint fails to state Section 1983 claims against the Sumner County Sheriff's Office upon which relief can be granted. These claims will be dismissed.

As to Plaintiff's remaining Section 1983 claims (conditions of confinement and deliberate indifference to serious medical needs) against Jerry Scott and other as-yet identified individuals, the Court will permit Plaintiff to amend his complaint, if he so desires, to more clearly set forth his Eighth Amendment allegations. Any amended complaint must be filed no later than 30 days after entry of this Order. If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, the Court will complete the required PLRA screening with the original complaint.

An appropriate Order will be entered.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE