| | | |
|---|---|---|
| KENNY PERRY, | ) | |
| #466253, | ) | |
| | ) | |
| **Plaintiff,** | ) | NO. 3:23-CV-00374 |
| | ) | |
| v. | ) | |
| | ) | **JUDGE CAMPBELL** |
| JERRY SCOTT, Administrator, *et al.*, | ) | **MAGISTRATE JUDGE** |
| | ) | **FRENSLEY** |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

By Order and Memorandum Opinion entered on May 25, 2023, the Court reviewed the pro
se complaint filed by Plaintiff Kenny Perry pursuant to the Prison Litigation Reform Act ("PLRA")
and found that the complaint fails to state claims under 42 U.S.C. § 1983 upon which relief can be
granted against the Sumner County Sheriff's Office. Those claims were dismissed. (Doc. Nos. 7
& 8).[1] As to Plaintiff's remaining Section 1983 claims (conditions of confinement and deliberate
indifference to serious medical needs) against Jerry Scott and other as-yet identified individuals,
the Court permitted Plaintiff to amend his complaint, if he so desired, to more clearly set forth his
Eighth Amendment allegations. The Court instructed Plaintiff to file any amended complaint no
later than June 25, 2023. (Doc. No. 7).

Plaintiff filed an amended complaint before the deadline, but it was not signed. (Doc. No.
9). By Order entered on July 24, 2023, the Court directed Plaintiff to return a signed amended
complaint no later than August 24, 2023. (Doc. No. 10). Prior to that deadline, Plaintiff submitted

---

[1] The Court additionally granted Plaintiff's Application to Proceed In Forma Pauperis and assessed the filing fee to be
collected pursuant to an installment plan. (Doc. No. 7).

a signed, verified document bearing this case number. (Doc. No. 11 at 1). The document has no title or caption, but the Court infers that Plaintiff intends for this document to serve as his amended complaint. Therein, Plaintiff provides additional allegations regarding his conditions of confinement and efforts to obtain medical treatment.

First, Plaintiff details his attempts to obtain toilet paper from various jail employees during a lockdown that lasted "for several days." (Doc. No. 11 at 1). These employees told Plaintiff they could not provide toilet paper unless jail administrator Jerry Scott gave them permission to do so. Instead, they told Plaintiff to purchase toilet paper from the commissary. The commissary was closed for the next seven days, and Plaintiff and his cellmates used their sheets as toilet paper, which led to unpleasant odors in their cell. Plaintiff and his cellmates flushed the soiled sheets "down the toilet and it backed the toilet up." (*Id*. at 2). Inmates were not permitted to shower during the seven-day lockdown. Plaintiff was without toilet paper, a shower, and a functioning toilet from Friday to Monday. (*Id*. at 1). Plaintiff developed sores and boils on his buttocks due to the lack of soap and toilet paper.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner plaintiff must show that the conditions resulted in "extreme deprivations" of basic necessities. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

2

In this Circuit courts have found that similar conditions as the ones described by Plaintiff do not constitute "extreme" and unconstitutional conditions of confinement. *See e.g.*, *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding no Eighth Amendment violation where inmate alleged "no toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days"); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("With respect to Plaintiff's conditions of confinement claims—that he was deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet—Plaintiff alleged only temporary inconveniences and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency."); *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *1 (6th Cir. Nov. 12, 1999) ("[T]he Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets."); *Boyington v. Walker*, No. 3:18CV-P134-GNS, 2018 WL 3649027, at *2-3 (W.D. Ky. Aug. 1, 2018) (finding that plaintiff's alleged conditions—no water, no sink, no toilet, no sheets, and no mattress in a cold cell—were of such a short duration (at most two days) that they did not amount to an Eighth Amendment violation) *See also Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) (holding an inmate's placement in a "dry cell" with no running water failed to state a constitutional claim because the discomforts the inmate experienced lasted for only 14 days); *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."). Thus, the amended complaint fails to state conditions of confinement claims under Section 1983 upon which relief can be granted as to any named Defendant.

Moving to Plaintiff's remaining allegations in his amended complaint, Plaintiff sought medical treatment from an unnamed nurse on Saturday afternoon, and she told Plaintiff to put in a sick request. The amended complaint further alleges that Plaintiff then sought medical treatment from Nurse Penny and "she acted like she could not hear [Plaintiff]." (Doc. No. 11 at 7). Plaintiff also requested medical treatment through Officers Combs and Burrback, and they denied Plaintiff's requests, despite their awareness of the specifics of Plaintiff's physical complaints. (*Id.*) When Plaintiff told Officer Combs "how bad[ly] [Plaintiff's] but[t] hurt from the infection from the sores and [he] had blood in his boxers from the crack of [his] but[t] where [his] but[t] hole was bleeding", Combs's response was to laugh at Plaintiff "like it was a joke." (*Id.* at 6).

A claim of deliberate indifference to serious medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "'sufficiently serious.'" *Id.* (quoting *Farmer*, 511 U.S. 825, 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). A plaintiff satisfies the subjective component "'by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Rouster*, 749 F.3d at 446 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

For purposes of the PLRA screening, the medical conditions described by Plaintiff (infected boils and anal bleeding) are sufficiently serious to support the objective component of an

Eighth Amendment violation. *See Johnson v. Clafton*, 136 F. Supp.3d 838, 846 (E.D. Mich. 2015) (finding that prisoner's "leg ulcers (open sores on his skin)" were sufficiently serious); *Lippett v. Corizon Health, Inc.*, No. 18-cv-11175, 2020 WL 532399, at *10 (E.D. Mich. Feb. 3, 2020) (finding that prisoner's "rapid deteriorati[ng]" foot infection was a serious medical condition); *Pendermon v. Hounshell*, No. 5:18-CV-495-CHB-MAS, 2020 WL 4554651, at *2 (E.D. Ky. Feb. 18, 2020) (finding that prisoner's allegations of anal bleeding demonstrated an objectively serious medical need); *Pewitte v. Hiniger*, No. 3:17-cv-00822, 2020 WL 2218754, at *12 (M.D. Tenn. May 6, 2020) (finding that prisoner's "large and painful clusters of burst boils and open ulcers" were sufficiently serious).

Plaintiff's averments that an unidentified nurse told Plaintiff to request a doctor's appointment and Nurse Penny ignored Plaintiff's requests for medical attention do not demonstrate that either nurse acted with a sufficiently culpable state of mind. As to Officers Combs and Burrback, however, Plaintiff alleges that both Defendants were subjectively aware of Plaintiff's medical needs and denied Plaintiff the opportunity to obtain treatment for those needs. Officer Combs allegedly laughed when Plaintiff described his painful and embarrassing symptoms. These allegations are sufficient, for purposes of the PLRA required screening, to support a subjective finding of deliberate indifference. Consequently, the Court finds that the amended complaint states colorable deliberate indifference to serious medical needs claims under Section 1983 against Officers Combs and Burrback in their individual capacities.

Plaintiff does not allege that Jerry Scott was personally involved in any of the events alleged in the amended complaint. Even under the liberal standards for pro se pleadings, that is insufficient to state a claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)) ("Merely listing names in the

caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under [Section] 1983.").

For the reasons explained herein, Plaintiff's Eighth Amendment claims against Nurse Penny l/n/u, an as-yet identified nurse, and Jerry Scott are **DISMISSED**.

The only claims going forward are Plaintiff's Eighth Amendment deliberate indifference to medical needs claims against Officer Combs and Burrback in their individual capacities. The Clerk is instructed to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Combs and Burrback. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within 30 days of the date of entry of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE** to Defendants Combs and Burrback.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The Court's determination that the amended complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is advised that he must keep the Clerk's Office informed of his current address to avoid dismissal of this action for failure to prosecute.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6