# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNY PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-00374 |
| | ) | Judge William L. Campbell, Jr. |
| JERRY SCOTT, SUMNER COUNTY | ) | Mag. Judge Jeffery S. Frensley |
| SHERIFF DEPT., f/n/u COMBS, f/n/u | ) | |
| BURRBACK, and PENNY l/n/u | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Jordan Combs and Travis Burrback.1 Docket No. 25. In support of this Motion, Defendants contemporaneously filed a Memorandum in Support of Defendants' Motion for Summary Judgment (Docket No. 26) and a Statement of Undisputed Material Facts (Docket No. 27). Plaintiff filed a request for an extension of time to file a response to Defendants' motion (Docket No. 34) but ultimately responded on January 28, 2025 (Docket No. 37), rendering the motion moot (*See* Docket No. 42); however, Plaintiff did not respond to Defendants' Statement of Undisputed Material Facts (Docket No. 27). For the reasons discussed below, the undersigned finds that there are no genuine issues of material fact, and that Defendants are entitled to summary judgment as matter of law. Accordingly, the undersigned **RECOMMENDS** that

---

1 Mr. Combs and Mr. Burrback are the only remaining Defendants at this point in the litigation. *See* Docket No. 12.

Defendants' Motion for Summary Judgment (Docket No. 25) be **GRANTED**.

## II. BACKGROUND

This action was filed by the pro se Plaintiff in this matter alleging claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment against several named and unnamed Defendants. Docket No. 11. Upon review under the Prison Litigation Reform Act ("PLRA") the Court found that the complaint failed to state claims under 42 U.S.C. § 1983 against the Sumner County Jail. On September 28, 2023, this Court issued a Memorandum and Opinion holding that only claims going forward are Plaintiff's Eighth Amendment deliberate indifference to medical needs claims against Officer Combs and Burrback in their individual capacities. Docket No. 12.

On August 27, 2024, Defendants filed a Motion for Summary Judgment. Docket No. 25. When Plaintiff did not respond to the motion in time, the Court issued an Order requiring him to show cause by October 18, 2024, why his claims should not be dismissed. Docket No. 29. Since Plaintiff did not respond by that date, the undersigned recommended that the Court dismiss the action without prejudice but allow Plaintiff additional time to object to the Report and Recommendation. Docket Nos. 31–32. After the objection period, the District Judge adopted and approved the Report and Recommendation (Docket No. 31), dismissing Plaintiff's complaint. Docket No. 33.

On December 23, 2024, Plaintiff filed a motion requesting an extension to respond to Defendants' Motion for Summary Judgment (Docket No. 25) and Statement of Undisputed Facts (Docket No. 27), stating that he was temporarily transferred from the Northeast Correctional Complex from August 28 to December 3, 2024, where his mail was held until he returned. Docket No. 34. Plaintiff contemporaneously objected to the Report and Recommendation

(Docket No. 31), responded to the Motion for Summary Judgment (Docket No. 25), and responded to the First Status Report (Docket No. 28). Docket Nos. 36–38. Plaintiff filed a Motion for Reconsideration (Docket No. 40) on February 18, 2025, which the Court subsequently granted (Docket No. 42), vacating the Report and Recommendation (Docket No. 31) and reinstating Defendants' Motion for Summary Judgment (Docket No. 25). After the action was reopened on April 2, 2025, Defendants filed a reply on April 8, 2025. Docket No 43.

### III. UNDISPUTED FACTS[2]

For the relevant period, approximately October 9 to November 17, 2022, Plaintiff was an inmate of Sumner County Jail. Docket No. 11, p. 1; Docket No. 25, p. 6. During that time, the jail changed its commissary policies. Docket No. 22, p. 1. In his pro se Amended Complaint, Plaintiff claims that the jail was locked down and access to commissary was unavailable from October 9 to October 21, 2022, leading Plaintiff to exhaust his toilet paper supply. Docket No. 11, p. 1. Without toilet paper, Plaintiff asserts that he repeatedly asked Defendants Combs and Burrback for additional rolls of toilet paper throughout the lockdown and was denied each time because Defendants were waiting on approval from Jail Administrator Jerry Scott. *Id.* at 8–10. Plaintiff stated that he resorted to using bed sheets as a substitute for toilet paper, causing him to suffer from sores and carpet burn. *Id.* at 5–6.

Further, Plaintiff claims that the soiled sheets were left in his cell during this period because Defendants said that trash bags were unavailable, leading Plaintiff and his cellmates to eat in the cell with the soiled sheets. *Id.* at 3. To address his sores, Plaintiff asserts that he notified Defendant Combs that he needed medical attention, but Defendant Combs laughed at

---

2 As further discussed below, because Plaintiff did not respond to Defendants' Statement of Undisputed Facts (Docket No. 27), these facts are undisputed pursuant to Federal Rule of Civil Procedure 56(e) and Local Rule

3

him, refused to give him a sick call slip, and informed him that a nurse would make rounds in the evening. *Id.* at 6. When Nurse Penny made her rounds, Plaintiff claims she and Defendant Combs ignored him. *Id.* at 7. Plaintiff also alleges that Defendant Burrback told him to "stay out of jail and [he] would knot [*sic*] be treated like this." *Id.* at 8. Defendants deny these allegations in their answer. Docket No. 22, pp. 1–5.

Defendants have filed copies of Plaintiff's grievances during the relevant period. Docket No. 25, pp. 9–10, 12–13, 15. On October 12, 2022, Plaintiff submitted two grievances. *Id.* at 9–10. First, he asked when the jail administration would reinstate visitation, and second, he requested a copy of his intake sheet from 2017. *Id.* For the remainder of October, Plaintiff filed two grievances requesting additional clothing. *Id.* at 12–13 For these grievances, the jail administration responded within one to three days. *Id.* at 9–10, 12–13. Plaintiff did not grieve the toilet paper situation until November 17 and November 25, 2022. *Id.* at 15. In those grievances, Plaintiff stated that the "officers refused to give [him and his cellmates] toilet paper" and that he "had no toilet paper" or soap. *Id.* The administration responded that it had reviewed video footage and confirmed that toilet paper was provided to inmates during the relevant period. *Id.*

Defendants served Plaintiff with Requests for Admissions ("RFA") on July 3, 2024, but Plaintiff has yet to answer any of the twenty-four RFA. Docket No. 25, pp. 21–27. Despite his lack of response, Defendants have repeatedly notified Plaintiff of the consequences of ignoring RFA: in Defendants' Motion for Summary Judgment (Docket No. 25, p. 2); Memorandum in Support of Defendants' Motion for Summary Judgment (Docket No. 26, pp. 6–7); and Defendants' Reply in Support of Motion for Summary Judgment (Docket No. 43, p. 3). It appears that Plaintiff received these warnings because he responded to Defendants' Motion for

---

56.01(g).

Summary Judgment. Docket No. 37. Specifically, Defendants emphasize that Plaintiff has not responded to–or moved the Court to withdraw or amend pursuant to Federal Rule of Civil Procedure 36(b)–the following RFA:

> 18. Please admit you were never denied access to medical care as alleged in your Amended Complaint.
>
> 19. Please admit Officer Combs did not tell you that you had to wait until the 6:00 meds pass out to see a nurse or get medical attention as alleged in your Amended Complaint.
>
> 20. Please admit that Officer Combs did not laugh at you "like it was a joke" when you informed him that your buttocks "hurt from the infection and sores" as alleged in your Amended Complaint.
>
> 21. Please admit Officer Combs did not refuse to get you a sick call as alleged in your Amended Complaint.
>
> 24. Please admit that all of the allegations and subparts in numbered Paragraph 33 [stating that Defendants both "denied my medical treatment"] of your Amended Complaint are not true.

Docket No. 26, p. 9.

In Defendants' Statement of Undisputed Material Facts, they reiterate that they mailed the RFA to Plaintiff, but "Plaintiff did not respond to these Requests within the thirty days required by Federal Rule of Civil Procedure 36." Docket No. 27, pp. 2–3. Plaintiff similarly has not responded to Defendants' Statement of Undisputed Material Facts. Docket No. 27.

### IV. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "evidence is such that a

5

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 573, 587 (1986).

Fed R. Civ. P. 56 provides that the nonmoving party may not rest upon mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. However, if a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

### B. Exhaustion of Administrative Remedies

Defendants argue that summary judgment should be granted because Plaintiff "failed to exhaust his administrative remedies with respect to his deliberate indifference claim." Docket No. 25, p. 1. The PLRA provides, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (citing *Porter*, 534 U.S. at 524). Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. *Id.* at 216.

Further, the exhaustion requirement "is a strong one," and subject to few exceptions. *Napier v. Laurel Cty.*, 636 F.3d 218, 222 (6th Cir. 2011). Even in an instance where "the state cannot grant the particular relief requested," or where a prisoner believes "the remedy is not available" or "the procedure to be ineffectual or futile," exhaustion is still required in order to further the purposes behind the PLRA. *Id.* (citations omitted).

To comply with § 1997e(a), an inmate must properly follow each step of the established grievance procedure that the facility provides to inmates and meet all deadlines within that procedure before filing his § 1983 action. *See Woodford v. Ngo*, 548 U.S. 81, 90-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). An "untimely or otherwise procedurally defective administrative grievance" does not satisfy the PLRA's exhaustion requirement. *Id.* at 83-84.

The Sumner County Jail Inmate Rulebook has a grievance policy available to inmates, like Plaintiff, to redress issues relating to civil rights violations, criminal acts, denial of inmate privileges, and prohibited acts by faculty. Docket No. 25 pp. 18–19. While Sumner County Jail does not offer an appeals process, inmates are permitted to "file a grievance at any time they

7

have a complaint against inmates, officers, or employees." *Id.* at 19. Inmates may submit grievances through a kiosk machine stationed in each pod, in which the jail administration will respond. *Id.* at 2. These kiosks are available to inmates regardless of whether the jail is on lockdown. *Id.* However, per the rulebook, inmates must file the grievance within "seven days (7) days of the complaint or incident" and include information about the parties involved, time and date of the incident, and "all-important" details. *Id.* at 19.

While Plaintiff did not assert in his complaint that he filed a grievance after the incident, he did assert in his response to the Motion for Summary Judgment (Docket No. 25) that he filed grievances "appropriately describing the unsanitary conditions." Docket No. 37, p. 2. But Defendants have proven that the grievance was untimely because it was filed a month after the alleged incident, exceeding the rulebook's seven-day filing period, despite Plaintiff having access to the kiosk and filing unrelated grievances during that period. Docket No. 25, p. 15. Further, Defendants argue that the November grievances do not address the indifference to medical needs claim, only the lack of toilet paper and sanitary conditions. Docket No. 26, p. 5. In his reply, Plaintiff argues that it is "against policy to grieve against medical," but did not cite to this alleged policy in the rulebook or provide any other support for his assertion. Docket No. 37, p. 1.

Because Plaintiff did not present his grievances in a timely manner through the available administrative process, he has failed to satisfy the requirements of the PLRA. *See* 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. 81, 83–84. However, even if Plaintiff had additional time to file a proper grievance, Plaintiff is incapable of curing this failure because Sumner County Jail no longer has custody of Plaintiff. *See* Docket No. 37, p. 1; *Cantrell v. Hale*, No. 3:11-01142, 2014 U.S. Dist. LEXIS 79741, at *14–155 (M.D. Tenn. May 20, 2014). Thus, Defendants are entitled

8

to summary judgment as a matter of law. *See Jones*, 549 U.S. 199, 216.

### C. Eighth Amendment Claims

Even if Plaintiff had complied with the grievance process, Defendants would be entitled to summary judgment because there were no Eighth Amendment violations.

**1. Deliberate Indifference to Serious Medical Needs**

Defendants also argue that summary judgment should be granted because Plaintiff failed to respond to each RFA within thirty days as mandated by Rule 36(a)(3) of the Federal Rules of Civil Procedure, thereby admitting to each RFA. Docket No. 26, p. 6–7. Given Plaintiff admitted to each RFA, he has admitted that he was "never denied access to medical care" by Defendants, which contradicts his claim of deliberate indifference to serious medical needs. *Id.* at 9.

Generally, the Court should liberally construe pro se pleadings, holding them to less stringent standards than those drafted by lawyers. See *Williams v. Curtin*, 631 F. 3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted) (addressing the issue of pro se complaints). Nevertheless, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). Rule 36 of the Federal Rules of Civil Procedure states:

> **(3) *Time to Respond; Effect of Not Responding.*** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3)

Therefore, if a pro se plaintiff does not respond to RFA within the thirty day timeframe, the Court will analyze the claim as if Plaintiff admitted to each request. *Id.*

Further, Local Rule 56.01 Motions for Summary Judgment states:

> (f) **Reply.** Unless otherwise ordered by the Court, the movant may file an optional reply within fourteen (14) days of service of the response. The reply shall not exceed five (5) pages without leave of Court.
>
> (g) **Failure to Respond.** If a timely response to a moving party's statement of material facts is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.
>
> (h) **Cases with *Pro Se* Parties.** The provisions of this rule, including the requirement that a statement of undisputed material facts must be filed with any motion for summary judgment, apply in cases with a pro se party. However, pro se parties are excused from providing a copy of the statement of undisputed material facts to opposing counsel in an editable electronic format.

M.D. Tenn. L.R. 56.01(f)–(h); *see also* Fed. R. Civ. P. 56(c)(1).

Therefore, when a plaintiff fails to respond to a defendant's Statement of Undisputed Material Facts, the Court must construe the facts as undisputed for the purposes of summary judgment. *See Wilson v. Middle Tennessee State Univ.*, No. 3:19-0798, 2021 WL 694181, at *5 (M.D. Tenn. Feb. 23, 2021), *report and recommendation adopted,* No. 3:19-CV-00798, 2021 WL 981553 (M.D. Tenn. Mar. 16, 2021).

Here, Plaintiff did not comply with Federal Rule 36 of Civil Procedure or Local Rule 56.01. *See* Docket No. 43, pp. 2–3. Consequently, the Court must accept the RFA as admitted and Defendants' Statement of Undisputed Facts as undisputed for the purposes of summary judgment. *See Wilson*, No. 3:19-0798, 2021 WL 694181, at *5; Fed. R. Civ. P. 36(a)(3).

To prevail on an indifference of medical needs claim, an inmate must first prove "the existence of a serious medical need." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). The seriousness of the inmates

medical need is assessed under the "obvious" approach. *Id.* (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Therefore, the medical need must be "obvious even to a layperson." *Id.*

After the inmate proves a serious medical need, the inmate must prove the prison official acted with "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). The inmate "must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). A prison official cannot be found liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

While Plaintiff did not state a serious medical need in his grievances, Defendants appear to indirectly admit that Plaintiff told Defendant Combs his "buttocks 'hurt from the infection and sores.'" *See* Docket No. 25, p. 25; ("20. Please admit that Officer Combs did not laugh at you 'like it was a joke' when you informed him that your buttocks 'hurt from the infection and sores' as alleged in your Amended Complaint."). A layperson would understand that an infection or sore with the risk of infection would require medical attention. *See Mingus*, 591 F.3d at 480. However, given that the RFA and Defendants' Statement of Undisputed Facts are considered true for summary judgment purposes, Plaintiff admitted that he was "never denied access to medical care," and Defendant "Combs did not refuse to get [him] a sick call." *See Wilson*, No. 3:19-0798, 2021 WL 694181, at *5; Fed. R. Civ. P. 36(a)(3); Docket No. 25, p. 25–26. Since Defendants did not prevent Plaintiff from receiving medical attention, Plaintiff has not shown that Defendants were more than negligent to the extent of "deliberate indifference" toward his

medical needs. *See Comstock*, 273 F.3d at 703; *Mingus*, 591 F.3d at 480; Docket No. 25, p. 25.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff has failed to establish that there is a genuine issue of material fact. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket No. 25) be **GRANTED**, and this action be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**