IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENNY PERRY | ) | |
| Plaintiff, | ) ) | |
| | ) | NO. 3:23-cv-00374 |
| v. | ) ) | JUDGE CAMPBELL |
| JERRY SCOTT, *et al.*, | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 45) recommending the Court grant the motion for summary judgment filed by Defendants Jordan Combs and Travis Burrback (Doc. No. 25). Plaintiff filed objections to the Report and Recommendation (Doc. No. 46); and Defendants responded to those objections (Doc. No. 47). For the reasons discussed below, Plaintiff's objections to the Report and Recommendation are overruled.

### I.    FACTUAL BACKGROUND

Plaintiff brings claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment under 42 U.S.C. § 1983. Plaintiff's claims arise from conduct during his period of incarceration at the Sumner County Jail from approximately October 9, 2022, through November 17, 2022. Defendant claims he exhausted his supply of toilet paper, was denied additional toilet paper, and resorted to using bed sheets as a substitute for toilet paper; as a result, Plaintiff developed sores and carpet burn, for which he was denied medical attention. (*See* Am. Compl., Doc. No. 11).

During the relevant period, Plaintiff filed six grievances. (Doc. No. 25, Exs. A-C (grievances filed October 12, 14, 17, 2022, and November 17, 25, 2022)). On November 17, 2022, Plaintiff submitted a grievance complaining that from October 15, 2022, through November 15, 2022, he did not have toilet paper or soap, and had to wipe with his bed sheets. (*Id.*, Ex. C). On November 25, 2025, Plaintiff filed a similar grievance stating that he had been without toilet paper for four weeks. (*Id.*). Plaintiff did not file grievances about the denial of medical care.

## II. PROCEDURAL BACKGROUND

At the screening stage, the Court dismissed Plaintiff's claims related to conditions of confinement based on the failure to provide toilet paper; the only claim to proceed is Plaintiff's claim for deliberate indifference to serious medical needs under the Eighth Amendment based on the alleged failure to provide medical care. (*See* Doc. No. 12).

On August 27, 2024, Defendants filed a motion for summary judgment. (Doc. No. 25). When Plaintiff did not respond, the Magistrate Judge recommended the case be dismissed for failure to prosecute (*See* Doc. Nos. 31, 32). Plaintiff did not file objections to the Report and Recommendation during the objection period and the Court adopted and approved the Report and Recommendation and dismissed Plaintiff's claims. (*See* Doc. No. 33). Shortly thereafter, Plaintiff filed a motion for extension of time to respond to the motion for summary judgment (Doc. No. 34), objections to the report and recommendation (Doc. No. 36), response to the motion for summary judgment (Doc. No. 37), motion for reconsideration of the Order adopting the Report and Recommendation (Doc. No. 40). The Court granted the motion for reconsideration, reopened the case, and reinstated the motion for summary judgment. (Doc. No. 42).

# III. ANALYSIS

## A. Standard of Review

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's claims. *Id.*

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper question for the finder of fact. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence from which the finder of fact could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

**B. Report and Recommendation**

The Magistrate Judge recommended Defendants' motion for summary judgment be granted because: (1) Plaintiff failed to exhaust administrative remedies with regard to his claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment (the only surviving claim); and (2) Defendant established that there were no Eighth Amendment violations, in part based on facts deemed admitted due to Plaintiff's failure to respond to requests for admission and failure to respond to Defendant's statement of material facts. (*See* Doc. No. 45 at 6-11).

**C. Objections**

Plaintiff filed the following objections to the findings in the Report and Recommendation: (1) he filed a grievance that he was "denied medical and the sanitary conditions that lead to medical needs"; (2) that the Court revised the original claim to include a claim for deliberate indifference to serious medical needs; (3) that statements 3 and 4 of Defendants' statement of fact, which relates to the use of the kiosk to file grievances and Plaintiff's awareness of the requirement that grievances must be filed within seven days, contradict Defendant's argument that no grievances were filed; (4) that Plaintiff was unable to file a grievance within seven days of the incident because he was unable to access the kiosk during lockdown; and (5) the fact that Plaintiff is no longer incarcerated at Sumner County Jail is irrelevant. (*See* Objections, Doc. No. 46).

The majority of Plaintiff's objections relate to the Magistrate Judge's finding that Plaintiff did not file a grievance related to the failure to provide medical care. Plaintiff states that he was unable to file a grievance because of the lock-down. Failure to exhaust administrative remedies may be excused when the grievance process is unavailable. Plaintiff, however, has failed to show the process was unavailable to him. In fact, the uncontroverted evidence submitted by Defendants shows that Plaintiff filed grievances on other matters during the relevant time period yet failed complain about denial of medical care. (*See* Doc. No. 25 at Exs. A-C).

Moreover, Plaintiff does not object to the Magistrate Judge's findings or recommendation regarding the merits of his Eighth Amendment claim or that his failure to respond to the requests for admission and Defendants' statement of fact results in those facts being deemed admitted. Nevertheless, the Court finds no error in the Magistrate Judge's findings or recommendation.

Although the Court should liberally construe pro se pleadings, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Two of these rules merit discussion here. First, under Federal Rule of Civil Procedure 36, if a party fails to respond to a request for admission within 30 days after being served, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Second, Local Rule 56.01 provides that a party's failure to respond to a moving party's statement of material facts will result in the asserted facts being deemed admitted. L.R. 56.01(g), (h).

Here, Plaintiff failed to respond to Defendants' requests for admission. (*See* Doc. No. 25 at 21-27; Doc. No. 26 at 6-7; Doc. No. 43 at 3). In Defendants' Statement of Undisputed Material Facts, they reiterate that they mailed the RFA to Plaintiff, but "Plaintiff did not respond to these Requests within the thirty days required by Federal Rule of Civil Procedure 36." (Doc. No. 27 at 2–3). Plaintiff has not responded to Defendants' Statement of Undisputed Material Facts.

Accordingly, the Magistrate Judge correctly found that the following matters are deemed admitted:

> 18. Please admit you were never denied access to medical care as alleged in your Amended Complaint.
>
> 19. Please admit Officer Combs did not tell you that you had to wait until the 6:00 meds pass out to see a nurse or get medical attention as alleged in your Amended Complaint.
>
> 20. Please admit that Officer Combs did not laugh at you "like it was a joke" when you informed him that your buttocks "hurt from the infection and sores" as alleged in your Amended Complaint.
>
> 21. Please admit Officer Combs did not refuse to get you a sick call as alleged in your Amended Complaint.
>
> 24. Please admit that all of the allegations and subparts in numbered Paragraph 33 [stating that Defendants both "denied my medical treatment"] of your Amended Complaint are not true.

Based on deemed admissions with regard to these matters, the Magistrate Judge correctly determined that Defendants are entitled to judgment on Plaintiffs' Eighth Amendment deliberate indifference claim.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's objections to the Report and Recommendation are **OVERRULED**. The Report and Recommendation (Doc. No. 45) is **ADOPTED** and **APPROVED**. Accordingly, Defendants' motion for summary judgment (Doc. No. 25) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE